The first matter is Calhoun v. Murray. Ms. Alikhan. Good morning. Good morning, Your Honors, and may it please the Court. My name is Lauren Alikhan, and I'm from Amalfi and Myers in Washington, D.C. I represent Appellant David Calhoun in this matter, and I'd like to reserve three minutes for rebuttal. Surely. There are three issues I'd like to discuss today. The first is that the doctrine of derivative jurisdiction poses no barrier to this Court's On the merits, this Court should vacate the district court's decision below, both because the district court erroneously applied the doctrine of res judicata to bar the prior second action by the federal defendants, and because the district court dismissed the state defendant in a one-sentence order without any reasoning and without providing Mr. Calhoun an opportunity to respond. After this Court vacates the district court's decision, the proper course is to remand this action to the Pennsylvania Supreme Court, where it was at the time it was removed. Removal of a case from a state court appellate posture is virtually unprecedented, and that alone justifies remand to the Pennsylvania Supreme Court. It's virtually unprecedented. Is it unprecedented? It's unprecedented except for this narrow class of cases involving actions under the FDIC and the Resolution Trust Corporation, which are under a different removal statute than the typical 1441 or 1442 removal. And so here, the only Court of Appeals case to have considered the propriety of removal from a case in a state court appellate posture is the Fifth Circuit's case in Victoria Palms, where the Fifth Circuit held that there was no basis for removing a case from a state court appellate posture and remanded the case with instructions for the district court to reconsider its decision on remand, and ultimately the district court remanded that case to the state court. What's the purpose behind the officer removal provision? The purpose of the officer removal provision is to give federal defendants a federal forum. However, that is not an absolute right of removal. The 1442 has a limit set on it in 1446, which is a 30-day period of removal. And so if Congress had intended there to be an absolute right to a federal forum for federal defendants, they could have done so. But they did cabinet, and here it's not appropriate. Pretty absolute. Pretty close to being absolute, isn't it? Well, there is this 30-day removal period that's set forth, and here the federal defendants concede that removal was premature. And the Third Circuit— But they were on the horns of a dilemma, were they not? I mean, they didn't know what briefing schedule had been set. Jurisdiction was apparently being taken by the Supreme Court. They didn't want to— Well, they had— Oh, excuse me. Yeah, they had to do something. They had filed jurisdictional papers in the Pennsylvania Supreme Court, so it's not like they were caught unaware. They conceded that removal was premature at the time that they removed the case. And I think under this Court's case in Sicaria, and also the district court cases that have it comes time when removal would be proper. Could very well be that this case goes back to the Pennsylvania Supreme Court, and the Pennsylvania Supreme Court affirms— You just put the rabbit back in the hat when you say, oh, removal is proper. That's what we're trying to figure out, right? And then the question of whether removal is proper is an answer by saying it's not proper. You've got to help us with the analytical path here, the analytical—what the defendants are arguing, and you've got to point out why this is flawed, is that even though that was a premature filing, it wasn't a late filing. It wasn't out of time with respect to—or too late. And so the fact that they got their foot in the door, this is how I take the gist of it, is good enough. And there's nothing in the statute that says they can't do that. There's nothing that says it has to be—at the trial level, in fact, it speaks in terms of proceeding, which could be at any level. What's wrong with an understanding of the statute on that basis? What limits proceeding to trial proceeding as opposed to appellate proceeding? Well, two points, Your Honor. The first is that the Court's case is construing the removal statutes in 1441 and 1442 versus this narrow class of cases under the particular statute that allows for appellate court removals have all said that removal under 1441 and 1442 is from the trial court. So we have a judicial construction of the statute that suggests that removal from a state court appellate posture is not appropriate. And then secondly— But it doesn't come up, right? I mean, this is a truly extraordinary circumstance. This case is sort of a sadistic civil procedure professor's dream. It's got so many— That is certainly true, Your Honor. —bizarre things in it. So I mean, the fact that the judges typically speak in terms of removal at the trial court level is hardly surprising, because given the time limit, that's when it would ordinarily happen. You don't have your typical plaintiff, you know, waiting—well, set all that aside. It's an unusual set of circumstances, so why wouldn't it be the case that we wouldn't have a lot to go on? It's just odd. That's very true. We don't have a lot to go on, but what we do all counsels in favor of remand. So we have the Victoria Palms case in which the Fifth Circuit held that it was inappropriate to remove a case from the state court appellate posture. Then we have this Court's decision in the Sicaria case, which holds that when there's a—in Pennsylvania, you can initiate an action either by a writ of summons or a complaint. In Sicaria, the Third Circuit held that a writ of summons does not trigger the 30-day period before removal. And subsequent district court cases— But this was more like a complaint, wasn't it? Excuse me? This was more like a complaint. In fact, the appellate even said it was a complaint. In effect, functionally, a complaint. To be sure, if it does—if this Court finds that it does function as a complaint, then actually the federal defendants removed too late because they didn't remove until months after the complaint had been filed. I think we can properly take this as a writ of summons because that was as Mr. Calhoun had filed it. I mean, that's, I believe, what the federal defendants think that it was. If that's the case, then removal is premature. And so I know it seems a bit unusual because this case is, as you said, a complete procedural morass. It's kind of a federal jurisdiction. That's why we got you involved in this. Precisely. And I'm happy to do it. But I think that every indication points in favor of remanding this case back to the Pennsylvania Supreme Court. And I don't want you to think that once it goes back there, the federal defendants are going to be bound and stuck in state court. If it becomes appropriate at a later time, once—assuming that the Pennsylvania Supreme Court reinstates the case and the federal defendants remain in the action when the actual complaint is filed, at that point, the 30-day period will begin for the federal defendants to remove the action. If the complaint that gets filed ultimately drops the federal defendants, which I suppose it could, then there would be no need to bring this case back into a federal forum and it could remain in state court. Now, tell me with your timing argument. You say that if this is viewed as and understood as being a complaint, it's—they're too late in seeking removal. And I'll be asking your colleague here across the aisle to comment on this too, but why do you say that? What—when—when—what was the triggering event that should have required them to file if it's viewed as a complaint? Well, if it's viewed as a complaint, then I believe a 30-day period would have run once they were served with the complaint. Now, we don't dispute that service itself was not proper, but they were aware of the complaint and participated in litigation in the state court. If they weren't served, then how can the clock start running? Well, if the clock—I believe because they were functionally participating in the action as if they had been served. But if you believe that they haven't been served, then we're in the same box as if this had been a writ of summons. And that is that the 30-day period has not been triggered yet because service wasn't perfected. So, I mean, I think in—in no account is this timely. Well, isn't that a—doesn't that create a—an impossible box for a defendant? If you say that your removal is ineffective because we never served you so that you can never remove it, what's a defendant supposed to do? Just default in the state court or litigate there and say, gee, I wish you'd served me? No, I believe there actually is precedent that if there's—we construe this as a complaint and then it gets removed, defects in service can be fixed in the federal court by effecting proper service. And so if this court wants to treat the state court filing as a complaint and believes that the removal was timely, we could fix problems with the state court service. But here what happened is there were months of jurisdictional briefing in the Pennsylvania Supreme Court that the federal defendants fully participated in without removing. And so essentially they waited until they lost on the jurisdictional issue in the Pennsylvania Supreme Court before bringing this case over into federal court. So you're saying that this should be viewed as—as some—even though they were never served, it should be viewed as a waiver in some fashion? Well, my primary submission is that removal is premature because this is a writ of summons. But I think if we want to go into the box assuming that it's a complaint, I would argue that they did waive by participating. How can it be a writ of summons? I mean, he called it a complaint. It makes—it purports to make claims. It lays out his theory of why they're liable to him. And what form of—I mean, what—in what universe is that a summons and not a complaint? That's so strange. He labeled it as a precipe for a writ of summons and believed he was proceeding under that docket or that sort of portion of the Pennsylvania rules. And as an incarcerated pro se litigant, I think we have to construe his pleadings fairly. If we take it as a writ of summons— Precisely. And if we do that, doesn't that obligate us to say, well, you called it the wrong thing, but we know what you were trying to do. You laid out your claims. It looks like a complaint, acts like a complaint. You wanted to bring claims against these people. You put a Latin term on it, mistakenly, but that doesn't make it something other than a complaint. Well, certainly not. If you want to construe this as a complaint, it is still untimely, though, either because it was premature because service wasn't perfected and they were moved prematurely, or because they participated in the Pennsylvania State Court proceedings and only removed after they lost. But I think even aside from the timeliness issue, the mere fact that this was a removal from a state court appellate posture counsels in favor of a man, because that's a highly unusual circumstance, and the only case to have considered it in the Court of Appeals held that that was improper. And so I believe that— I'm sorry. Go ahead. How about commenting a little bit on the res judicata question? Of course. I will happily take us there. So there was no final judgment in the prior federal action, and there still is no final judgment in that action. And indeed, this court recognized as much—Jordan, I believe you were on the panel when the federal defendants filed a motion for summary affirmance, and this court said in the course of disposing of that motion that there was no final judgment in the prior federal action. So to the extent that the federal defendants were trying to make a res judicata argument, that failed for lack of a final judgment. That order was back in 2011, I believe, perhaps 2010. Two years later, we still don't have a final order in that district court case. And so it was erroneous for the district court in this action to rely on the non-final prior action to dismiss the claim on the basis of res judicata. Should we be applying federal common law or state law on this question? I believe you apply federal law to the question, because we're looking at the previous federal action. And upon doing so, I think that the court's cases, this court and the consensus in the courts of appeals as well as in the treatises, is that for purposes of res judicata, you need a final order. And finality means the opportunity to appeal. Now the district court and the federal defendants below were relying on res judicata proper. On appeal, the federal defendants try and switch a bit to issue preclusion or collateral estoppel, which has a more lax finality test. However, at the very cases that the federal defendants cite, note that the important consideration for even collateral estoppel or issue preclusion, the less stringent test, is whether the order could have been appealed and was in fact appealed. All we know here is that Mr. Calhoun attempted to appeal the previous federal action, and the Third Circuit dismissed that because it was in an allocatory posture. And so I think that regardless of whether we're looking at the... Does that somehow constitute a law of the case? I think it does, Your Honor. We've got some, we have some law that indicates that a decision by a motions panel doesn't have the same sort of weight that Merrick's decision has got. Are we free, to my embarrassment, to go back and say, hey, maybe it wasn't all that interlocutory after all? So there are cases out of circuit saying that a motions panel decision can be law of the case. And there are cases in this Court saying even if it's not strictly law of the case, it's still highly persuasive authority for the point on which it stood. And here we know that the Third Circuit considered the question because they said, I don't think that the federal defendants motion for summary affirmance was expressly making a res judicata argument. And yet this Court went into that analysis and said, we cannot apply res judicata here. And what would your argument be if we, you know, if we thought we could, it wasn't law of the case? If it wasn't law of the case, I think for the same reasons that that motions panel issued their opinion applies here. The lack of a final appealable order in the previous federal action bars the use of res judicata here to dismiss the claims. Now, I see that I'm out of time, but if the Court has any further questions, I'd be happy to answer them. Yeah, sure. I have one more question, if I might. If we were to decide that the removal was appropriate, and we were to agree with you that there wasn't a res judicata or claim preclusion bar in place here, what would the procedural part, what would be the appropriate next step? The appropriate next step would be to vacate the district court's order and send it back in an opinion discussing how the previous federal action was interlocutory, and therefore res judicata does not apply. The district court, it's the same district court judge on both of these cases. I think in the course of your opinion, if you note that the prior federal action is not yet final, the district court can rule on the outstanding motion in that case, at which point there would be a legitimate question as to whether or not res judicata applied in this case. But I think that the, in all accounts, the appropriate course would be to vacate the district court's order, both because of the res judicata issue as to the federal defendants, and because in dismissing the state defendant, it was just a one-sentence order, and Mr. Calhoun wasn't afforded an opportunity to respond. So I think what this court needs to do, even if this remains in the federal system, which we believe it should not, but if it does, this court needs to just reset the matter and put it back so the parties can have full briefing on these issues, which I may just end with, pose very serious constitutional questions and claims. Mr. Calhoun had posted bail on his federal sentence, or on his federal charges, and his state sentence had expired, and he remained in jail. I think that's a very serious issue that needs to be thoroughly vetted by the district court, or if this case goes back to the Pennsylvania Supreme Court and the Pennsylvania Supreme Court remands the case, then the Court of Common Pleas in Philadelphia would be the appropriate forum to consider those issues in the first instance. Thank you very much. Thank you very, very much, Ms. Alikan. Ms. Fulmer, you first up here. Good morning, Your Honors. Charlene Fulmer, representing the federal defendants in this matter. The issue that the court has to decide and look at, I urge, is one that has been addressed in N. Ray Brown in this circuit, and that is whether Mr. Calhoun had a full and fair opportunity to litigate his claims in the first instance. The federal defendants submit that, in fact, Mr. Calhoun did. Before you hit rest, Your Honor, why don't you get to the issue of whether you can even be here or not. Why is Mr. Calhoun wrong that you didn't appropriately remove the case? We did appropriately remove the case, Your Honor. The federal defendants were in a quandary. We were never properly served with any precipice or any complaint in the state action. We received the precipice from Mr. Goldstein, who was served with it via first-class mail. At the time we received the precipice, we didn't know what to do with it, quite frankly. Is it a precipice or is it a complaint? And we run a catch-22. With the precipice, we know that we were premature to remove, if that's, in fact, what it was. Looking at the precipice itself, we noticed that it, in fact, contained allegations, which could be likened to a complaint. So what do we do in this instance? And we needed to move forward. We certainly couldn't let anything... What about the timing issue, if it was a complaint? We were never properly served, Your Honor. We were never properly served. Okay. So the first-class mail service, that's a dispositive issue on that. Correct. Correct. Neither the United States nor the Attorney General for the United States was served. And in the case of the individual Assistant United States Attorneys, there was not proper service under the Pennsylvania Rules of Civil Procedure, nor was there proper service under the federal Rules of Civil Procedure. You want to take a crack at the distinguishing of Victoria Ponds? Why is it Fifth Circuit Ponds? Well, Your Honor, in that case, that's a matter where there was not particular... There was not notice in that case. And so... What do you mean? Well, Your Honor, at this point, I'm not prepared to discuss it, but I would like to have an opportunity to further address it in briefing, if that's appropriate. Okay. Refer to my brief. Thank you. We're going to talk about race judicata. Yes. Yes. Race judicata. Race judicata. This circuit has applied in Ray Brown to hold for the proposition that finality for purposes of issue preclusion is not finality for purposes of appeal. And in this particular instance, this is exactly the case we're faced with. Mr. Calhoun had an opportunity to litigate his claims in the first instance fully and fairly. There was a reasoned decision in that case. And yes, we do know that he did not... Is there a final decision in that case? There is not a final decision, Your Honor, for purposes of appeal. That is correct. Well, if there's not a final decision for purposes of appeal, how is there a final decision at all? I mean, how can you rely on issue preclusion when what you're talking about is a claim and the claims against your clients? Why would we not be paying attention to claim preclusion and recognize, as we typically do, that a claim is not precluded until the decision is made, the final decision is made? You know the elements of claim preclusion, which I take it you concede are not present here while you're arguing issue preclusion. Why would we walk away from the doctrines of claim preclusion? We're not walking away from those doctrines by arguing the application of Inouye Brown. This circuit has routinely considered that finality for purposes of appeal is separate and distinct from finality for purposes of issue preclusion. Isn't Inouye Brown a bankruptcy case? It is. It is. And the issue in that case... finality for bankruptcy is somewhat different than finality in other cases, is it not? We would argue that the facts are different in that case most certainly, but in that case there was still work to be done by the bankruptcy court and this district recognized that. But don't we have a separate line of cases for bankruptcy that treat finality differently from non-bankruptcy cases? Your Honor, that may be, but Inouye Brown is not the only case in this circuit in which the court has made the distinction between finality for purposes of appeal and finality for purposes of issue preclusion. There are other guiding precedents in this circuit, in particularly Dindle and Dindle and Greenleaf and Greylock, which have been briefed in federal defendants' papers. The issue turns on whether or not the court sees that the issue has reached a point where there is no need to permit it to be litigated again. Do you have any case that's like this one where there's a motion for reconsideration pending and so there's not a final decision coming out of the district where, outside the bankruptcy context, and yet a party has successfully asserted res judicata defense? There are no cases specifically where there was an outstanding motion that needed to be decided. That has not turned up in the federal defendants' research, Your Honor. But we can't lose sight of the point that in order for this to be remedied, as the federal defendants have submitted in their briefs, the issue is for the appellant, Mr. Calhoun, to make a motion to the district court. If we agreed with you that this case was properly removed, how are you, in any significant way, are you being harmed by going back to district court and saying, hey, we're back, you want to decide that motion for reconsideration, consolidate these cases, address the matter, let's get it done? Why the tenacity here in demanding that this suit be dismissed on res judicata grounds instead of just going back to the district court and dealing with it there where there's a non-final case still going on? Because the issues, Your Honor, have already been decided by the district court in the first instance. Then you're in a pretty good position, aren't you? You go back and say to the judge, look, it looks to us like you've already decided this, why don't you make a final judgment? Well, the federal defendants have submitted in their briefs that the appropriate thing would be for Mr. Calhoun to move the district court in the first action for a decision. If this circuit decides that that is necessary for res judicata to apply, despite the precedent that is out there in Greenleaf and in Ray Brown, it certainly may do so, and the federal defendants would not have an objection to that. We certainly would, during the course of this entire litigation, have attempted to make sense of procedural complexities in this case. And if this circuit sees that this would be the appropriate remedy, then certainly the federal defendants would have no objection to that. But the point being that Mr. Calhoun has had an opportunity to raise the claims. Unfortunately, what the federal defendants foresee is that because of the morass, the procedural morass of this case from its onset, that a remand back to district court in this instance would somehow encourage additional filings and additional motions that have already encompassed the court's time in the first action, and really encourages the additional filings and the vexatious litigation that Mr. Calhoun has engaged in from the onset of this case. Judge Buckwilder is a very experienced judge. I'm sure he can deal with it. I have no doubt, Your Honor. Is derivative jurisdiction, is that a waivable defective claim that there's no derivative jurisdiction? The federal defense submit that it is not. It is not waivable. It is jurisdictional. And we also submit in our briefs that we don't need to get there because at all times this court has jurisdiction and the district court below had jurisdiction over the Bivens action. The state court and the federal court had concurrent jurisdiction. Has concurrent jurisdiction over Bivens claims. There is no precedent to the contrary. So at the time it was removed, the state court did have jurisdiction over the Bivens action and the federal court did retain jurisdiction over that claim. What about the question of remanding if in fact we conclude that you removed it prematurely? Is there any argument, is there any interest of justice argument or resource argument to be made to keep the case here? Your Honor, we would submit that the federal forum is the preferred forum for the federal defendants in this action. Specifically the two AUSAs who were named individually. They have had Bivens claims pending against them for over four years now. And those claims were dismissed. Appellant concedes they were dismissed. Appellant even concedes in his brief that should this be remanded back to state court, the federal defendants may be dismissed. But the state court to begin with was an inappropriate forum for the federal defendants at all times. The Supreme Court case of Willingham and his progeny is certainly enough precedent for this court to keep this case where it should be, which is in federal court. I see that my time is up. Any other questions? Ms. Fulmer, thank you very much. Mr. Manning. Good morning, Your Honor. As may it please the court. John Manning, Pennsylvania Board of Probation and Parole, representing Lawrence Murray. Our argument is simple, that the district court's decision should be affirmed. Mr. Murray has still, as noted by Counselor Rapelli, has still not been served either in Commonwealth court or common police court, or it was never a summons issue. So the fact of the matter is, is that we're still litigating this case. We have to litigate. As Counselor said, we were in a quandary to the extent that the Commonwealth court had already issued an order dismissing the case. He filed an appeal. Probable jurisdiction was noted by the Pennsylvania Supreme Court with regard to that, and a briefing schedule was then filed. So then we're going to have to file briefs on this. And so we're litigating this case, and we're still litigating this case four years later. Let me take a step back, Mr. Fulmer. The district court dismissed this in a one-line order with no reasoning. And as Alec had pointed out, that's not usually something that is appropriate, right? I mean, how can, consistent with our cases like Poulos, how can we uphold that dismissal? Well, I think you can look at what we argued, what the appellees argued, the procedural jurisdiction, with regard to what we've already argued. Look at the disposition in Calhoun v. Daub. I understand what you're saying. Well, I'm not saying anything. I'm asking you. I'm asking you to speak on behalf of Mr. Murray and say, you know, we know what has been said about Mr. Mann and Mr. Goldstein and the marshal service. There was some reasoning attached to the district court's dispositions on those fronts. But as to your client, there doesn't appear to have been reason. Now, point out for me if you would, if I'm wrong about that. But it didn't appear that any reason was given for the order. So why is that something that you can properly stand on? Well, I think the reason is because it's pretty clear that, you know, there's no personal involvement. And the fact of the matter is that the board has sovereign immunity in this case. Those may be good reasons, but the district court didn't give them, right? No, they did not. But I think that, unfortunately, the reason and rationale you can see, especially I think the appellant's argument shows that, at least in the Dog case, again, that there was reasoning with regard to that, that no personal involvement and the fact that with regard to sovereign immunity. Obviously, in state courts, we get a lot of times where we just have a one-line decision. I understand that we're talking in federal court here. But again, even the PA Supreme Court, in these types of cases where they have briefing schedules, they give a one-line, affirmed or reversed a lot of times is what I see. So, again, I think it's, this court can make its own decision and see whether or not there were grounds for affirmance and non-affirms. What I'm trying to find out from you is, based on our precedent, the things that bind us, do you see a route forward for affirmance of that one-line order? What precedent do you point to that tells us? I don't have that in front of me, but no, but yes. I just think, again, we have the Dog case out there. We have this case out here. It's pretty clear that this, again, is a case of just where a decision should just be made by this court to affirm, not to keep this case going on and going on and going on, or, again, having another lawsuit filed with regard to this kind of litigation. If there aren't any other questions, we will rest on our brief. Good. Thank you, Mr. Manning. Ms. Ellicott. Thank you. I just have three brief points to make on remand. The first is that it's surprising to me that the federal defendants think that the onus for finalizing the initial district court action is on Mr. Calhoun. He's an incarcerated pro se litigant who has no formal legal training, whereas the federal defendants have all of the backing of the United States' best lawyers behind them. Next, I think Judge Jordan, you have it exactly right that the one-sentence order as dismissing the state defendant is reason alone for this court to remand, because there was no reasoning. All of the arguments that the state defendant makes on appeal are on the merits of the claim, but here we have no indication that the district court ever even examined the merits, either in the initial motion to dismiss nor in the motion on reconsideration. And in fact, Calhoun was never given an opportunity to respond to the motion to dismiss filed by the state defendant, so the merits have never been fully vetted as to the state defendant. Third, and finally, as to the propriety of remanding to the state court, one point that I would like to make is that when the Pennsylvania Supreme Court noted probable jurisdiction, the merits issue before them was the propriety of the erroneous dismissal of the commonwealth court action. Once that case is removed, that issue has suddenly dropped out, and so if this case remains in federal district court, that issue will never be fully vetted and briefed. Let me ask you, if I could, Ms. Fulmer, and I apologize, I call Mr. Mann, I think Mr. Fulmer, Ms. Fulmer, on behalf of the federal defendants, said, look, you don't have to worry about derivative jurisdiction here, because the federal court had jurisdiction the whole time over the business case. What's your response to that? We believe the derivative jurisdiction doesn't apply, because the state court had jurisdiction over these claims, and therefore the federal court had jurisdiction over the claims. To the extent that the federal defendants believe that Mr. Calhoun was making an FTCA claim, which we don't believe he was, that's not a claim over which the state court would have had original jurisdiction. But if the court thinks that's what happened, then I would submit that the doctrine of RODIS and the uniform consensus of the courts of appeals, this court in the Korea bank exchange case, and RODIS I think is the most recent and thorough decision on point, suggests that derivative jurisdiction is not itself jurisdictional, but a defect in removal that is waivable when a case is tried on the merits and then goes up on appeal. So I think our primary submission is that derivative jurisdiction has no basis, because the state court at all times had jurisdiction, and secondly, even if there was a narrow class of claims over which the state court didn't have original jurisdiction, the federal defendants waived the right to challenge that by allowing this case to go to final judgment in the district court, and so this court maintains appellate jurisdiction to consider the claims. And on your assertion that these are not Federal Court Claims Act provisions that he tried to bring, once again, I'm trying to interpret this broadly in his favor, since he's a pro se litigant, wouldn't we actually need to view him that way? He speaks in terms of negligence, and he speaks I mean, by viewing him that way, we give him the broadest set of claims, don't we? I don't believe so, because his FTCA claims would have had an administrative process that I don't believe he had followed here, but I think the best indication that these are constitutional claims under 1983 and Bivens is that the district court in the prior federal action, the one that the federal defendants say is exactly like this one, all the district court there considered were 1983 and Bivens claims. The district court there never entertained the notion of whether these were FTCA claims, but considered them purely constitutional claims, alleging that they deprived his rights by keeping him in prison after he posted bail on his federal charges. That was based on filings other than the so-called precipito, right? Yes, yes it was. If this court does wish to construe those claims as FTCA claims, which I submit would only be secondary to the Bivens 1983 claims, which I believe are the gravitas of his writ of summons, precipito, whatever we'd like to call it, I think that even if the court finds embedded in there some FTCA claims, Rodas and other cases would show that even if derivative jurisdiction were lacking, that's no bar to this court's adjudication of the case. Usually we get arguments from pro se plaintiffs the other way to construe these matters as broadly as possible. And to be sure, if you would like to see him as bringing all the evidence to the court, my only submission is that derivative jurisdiction doesn't pose any barrier to this court's adjudication of that. So thank you, Your Honors. Any other questions? Good. Thank you very much. Thank you very much, and we greatly appreciate the work you've done in this matter. Well, it was a pleasure. You're quite welcome. And we thank the government, both the federal and state government too.